SHAW v. HOFFMAN.

The judgment of the Circuit Court must be reversed with costs, and a new trial awarded.

The other Justices concurred.

———◆———

## William Shaw v. George Hoffman.

*Trespass for forcible entry: Treble damages.* A tenant for years will be entitled to recover treble damages against his landlord for a wrongful and forcible entry under circumstances specified in § *4717 Compiled Laws.* Whether such acts, or threats of violence, or riotous conduct as are calculated to excite terror or alarm in the occupant, be not essential to such a recovery,— *Quære?*

*Reviewing motions on error: Stating grounds.* While there are cases where a party would not be entitled to any benefit by assignment of error on the denial of a motion for which no ground was stated; yet if, from the record the grounds of the motion are sufficiently apparent, it cannot be properly overruled, without, at least, calling upon counsel to state the reasons for the motion.

*Motion to strike out evidence.* It is error to deny a motion to strike out testimony, as to a measure of damages, which, it was clearly apparent, was inadmissible under the pleadings.

*Damages: Pleading and evidence.* The only damages which can be recovered under the general allegation without stating their particular nature and how they arise, are those which the law implies from the acts set forth in the declaration, and these are such as necessarily arise from the matters alleged, and under the circumstances stated, in the declaration. The expense of keeping horses, or boarding them elsewhere, is not a necessary result of eviction from a barn.

*Heard May 12. Decided July 7.*

Error to Wayne Circuit.

This was an action of trespass brought in the Circuit Court for the County of Wayne, by George Hoffman against William Shaw, in which the plaintiff declared:

"For that whereas said plaintiff, to wit, on the 11th day of July, 1868, at the city of Detroit, being then and there in the quiet, lawful, and peaceable possession of certain lands and premises; said lands being described as the rear end or portion of lot thirty-three, section seven, of the Governor and Judges' plan of the city of Detroit, and the entire barn and appurtenances thereto belonging in said

city, county, and State; the said defendant, to wit, on said 11th day of July, 1868, at Detroit, aforesaid, forcibly entered in and upon said premises, contrary to the provisions of chapter one hundred and thirty-seven of the Compiled Laws of this State, entitled 'Of Trespasses on Lands,' and wholly and entirely ejected this plaintiff therefrom; and from that time hitherto, wholly and entirely, by force and with a strong hand, hath kept this plaintiff out of and from said premises, whereby said defendant hath by virtue of the said statute forfeited three times the amount of damages sustained by the said plaintiff, by reason of the said premises. And the said defendant, then and there, the property of this plaintiff then and there being broke, injured and destroyed, and other wrongs," etc.

The defendant pleaded the general issue, and gave notice, etc.

On the trial the plaintiff testified that the cost of keeping each of his horses in his own barn was three dollars per week. That from being put out of possession he was obliged to hire them boarded at a livery stable. The plaintiff's attorney then asked what he had to pay per week for boarding them. The plaintiff answered that he had to pay five dollars per week for each horse, and that was the best he could do.

Before the argument of the case to the jury the defendant's attorney requested the Court to strike out and exclude from the jury the evidence as to what the plaintiff paid for the board of his horses, which request the Court refused and defendant's attorney excepted.

The jury having found a verdict for the plaintiff and judgment being entered thereon, the cause comes into this Court, where errors are assigned:

*First.* That the Court refused to strike out and exclude from the jury the evidence as to what the defendant in

error paid for the board of his horses, to wit, "*that he paid five dollars per week for each horse, and that was the best he could do.*"

*Third.* For that the judgment entered and rendered in said cause was for six hundred dollars, being three times the amount of the verdict thereon.

*D. C. Holbrook*, for plaintiff in error.

The declaration in this case is in trespass for fórcibly entering the premises of defendant, and ejecting him therefrom and keeping thereout, and breaking and injuring the property of defendant, "*and other wrongs*," claiming treble damages under chapter 137 of Revised Statutes. Plea, general issue, and notice. The only special damages alleged are the breaking, injuring, and destroying the defendant's property.

I. The Bill of Exceptions states that the defendant introduced evidence *shewing* that the defendant was a tenant *only* of the plaintiff. The judgment was entered for treble damages, which is assigned as error. The declaration does not aver that the defendant was the *owner* of the premises, but that he was possessed of certain premises. Damages cannot be trebled in such a case.—*Achey v. Hull, 7 Mich. R., 423; Thayer v. Sherlock, 4 Mich. R., 175.*

II. The defendant in error introduced evidence shewing that he was compelled to hire his horses boarded at an extra expense of three dollars per week. Before the argument to the jury, the plaintiff moved to strike out this evidence, which was denied, and this is assigned as error. There was no special damage alleged, which rendered this evidence relevant, and it should have been stricken out.— *Pennsylvania Mining Co. v. Brady et al., 14 Mich. R., 260.*

21 MICH.—T.

*Geo. H. Prentis,* for defendant in error.

There was no error in the Court refusing to strike out the evidence of what plaintiff below had to pay for the board of his horses. That defendant in error would have to pay the cost of keeping his horses elsewhere, after the wrongful entry of the plaintiff in error, is apparent; it was the natural result of depriving him of the use of his barn. It was then the damage naturally resulting from the trespass of the plaintiff in error, and the allowance of the testimony was clearly within the principles of the cases of *Allison v. Chandler, 11 Mich., 555,* and *Warren v. Cole, 15 Mich., 273.* It was such damage as the law presumes to have followed the trespass, and therefore it was not necessary that it should be specially averred in the declaration.— *1 Chit. Pl. (9th Amer. Ed.), 395; Chandler v. Allison, 10 Mich., 460; Allison v. Chandler, 11 Mich., 542; Burrel v. Salt Co., 14 Mich., 39.* The plaintiff in error made no objection to the testimony when offered, and it was admitted without objection. No reason was given on the motion to strike out. The motion was vague and general.

The Court will disregard such indefinite objection. If a party objects he must give his reasons.—*Morissey v. The People, 11 Mich., 327.*

As to the third assignment of error: 1. The statute gives treble damages in case of any person being *ejected or put out of any lands or tenements* in a forcible or unlawful manner.—*Comp. Laws, § 4717.*

2. The evidence, as set forth in the bill of exceptions in this case, is sufficient to meet the statutory requirements.—*Seitz v. Miles, 16 Mich., 456.*

3. The declaration expressly avers the force and refers

to .the statute. The jury found the defendant guilty, and no point was made on the trial that the evidence did not show force and violence. The bill of exceptions does not profess, neither does it set forth *all* the testimony. Under these circumstances the Court ought not to interfere with the judgment.

4. The plaintiff here was entitled to the possession and is within the statute.—*Comp. Laws*, § *4717*.

5. The statute of Michigan differs from the English statute and from the New York statute by omitting the word "*disseized.*"—*8. H. 6, c. 9, s. 6; 2 N. Y. Rev. Stat., page 262 (2d ed)*. The verdict was, therefore, properly trebled under our statute.

CHRISTIANCY J.

The first question (in logical order) presented by this case, is whether the statute, (*Compiled Laws*, § *4717*), giving the action of trespass and treble damages under the circumstances there mentioned, will authorize a mere tenant for years to recover such treble damages against his landlord for the wrongful and forcible entry, etc., or, whether the statute remedy is intended to be confined to the owner of a freehold interest, like the first section of the same chapter, which confines the remedy to the "owner."—*Achey v. Hull, 7 Mich., 423*.

This section (*4717*) is substantially copied from the New York Revised Statutes, vol. 2, title 6, sec. 4, omitting only the word "disseized," as used in the New York statute.

Under the statute of New York, and that of *8 Henry 6, ch. 9, sec. 6*, from which it is substantially borrowed, it was well settled that none but the owner of the freehold was entitled to this statute remedy.— *Willard v. Warren, 17 Wend., 257*.

SHAW v. HOFFMAN.

But, considering the nature of the injury to be remedied, there would seem to be the same grounds of justice and sound policy for giving the same remedy to a tenant for years, or any other term less than a freehold. Our statute seems to have purposely omitted the term "disseized," and the remaining language will apply with sufficient accuracy to the lessee for a term of years or any shorter period; and these being equally within the mischief I think the statute should be construed as applicable to such cases, as well as to freehold estates. This seems to have been taken· for granted (though not decided) in *Thayer v. Sherlock, 4 Mich., 173,* where the declaration merely alleged that the "plaintiff being in possession," etc., without averring him to be the owner or possessed of a freehold.

If, however, there was no evidence in the case tending to show any thing more than is stated in the bill of exceptions, another important question might perhaps be raised by the assignment of error for rendering judgment for three times the damages found by the verdict, viz: whether there was any evidence tending to show such acts or threats of personal violence, or riotous conduct, etc., calculated to excite terror or alarm in the occupant, as have generally been held necessary under the New York statute and that of *8 H. 6* referred to, and how far our statute should receive the same interpretation. See *Willard v. Warner,* above cited, and authorities there referred to. But as the bill does not appear to have been drawn with special reference to this question, and it was not argued before us, we give no opinion upon it.

The next question arises upon the motion of the defendant below to strike out the testimony of the plaintiff showing what he paid for the board of his horses after the defendant had entered and torn down the barn where they

had been kept. The record does not show whether any, or what, reason was given for the motion; and it is urged that we cannot therefore reverse the judgment for any error in denying it.

There are doubtless cases where a party would not be entitled to any benefit by assignment of error for denying a motion for which no ground was stated. But they are cases where the ground would not naturally and obviously occur to the courts without explanation. But courts must always be supposed to understand the nature and extent of the issue. presented by the pleadings in the cases they are trying. And if it appear that the evidence moved to be stricken out could not, in any view of the case, be pertinent to the issue, or the case set out in the pleadings, the reason for the motion must be sufficiently apparent; and it cannot be properly overruled without, at least, calling upon counsel to state his reasons for the motion, and the neglect of the counsel to do so under such a call. The ground of error relied upon here is that no special damages are alleged in the declaration, and that the expenses of boarding the horses at another stable are not the necessary consequence of the trespass complained of in the declaration, under the facts there stated, and should therefore have been alleged specially. While it is urged, on the other hand, that the expenses in question were the natural result of the trespass, the entry and eviction complained of, and therefore inferred by the law. And this view is sought to be sustained by the authority of *Chandler v. Allison, 10 Mich., 461.* But in the case cited, the damages were specially alleged in the first count of the declaration, which was for entering and injuring the plaintiff's store so as to render it untenable; and in alleging the damages, it was, among other things, averred, that the plaintiff "was during all that time hindered and prevented from carrying

on his lawful and necessary business, as a merchant in said city, engaged in selling watches, jewelry and silverware." And while it was held that "such damages as are not the necessary result of the trespass must be alleged, it was also held that this was an allegation sufficiently specific to entitle the plaintiff to prove damages from interruption of his business, which must have been a total suspension, if he could not have obtained another place," etc.

The distinction between those damages which must be specially alleged, and those which may be recovered under the general allegation of damages, is not between such as are, and such as are not, the *natural* result of the trespass. All damages, however specially alleged, must, to authorize a recovery, be the *natural* result of the acts complained of.—*1 Chitty's Pl. (7th Amer. ed.) 428 (b), 428 (c)*. But the only damages which can be recovered under the general allegation, without stating their particular nature, and how they arose, are those which the law implies or presumes from the acts or matters set forth in the declaration, as the grounds of the plaintiff's claim; and these are such only as *necessarily* arise from the matters alleged under the circumstances stated in the declaration.

Had the declaration in this case averred that the plaintiff was engaged in the business of a livery stable keeper, and using the barn for a livery and feed stable, and that his business was interrupted by the trespass and ejectment, then the law might have presumed the continued suspension of his business, unless he could procure some other stable for the business, or get his horses kept elsewhere, and the actual expenses *necessarily* incurred in this way might have been legitimate damages under his declaration.

But the declaration avers nothing of this kind, and gives no notice to the defendant of such a claim. It

mentions no horses, states no particular purpose for which the barn was occupied, nor any business of the plaintiff connected with it. It avers only the forcible entry of the defendant, the wrongful ejection of the plaintiff, and the keeping him out by force, etc. What damages necessarily result from these acts alone, we need not here particularly define; but certainly the expense of boarding horses or hiring them kept elsewhere cannot be presumed from the case stated in the declaration, which is wholly silent in reference to them, and we know they are not generally the *necessary* result of ejecting a party from a barn; whether they become in any case the *necessary* result, must depend upon other facts not stated in this declaration.

We think, therefore, these particular damages could not properly be proved under this declaration, and that the motion to strike out should have been granted.

As there must be a new trial on this ground, it is unnecessary to notice the error assigned upon the alleged ambiguity of the charge, which will not be likely to be repeated upon another trial.

The judgment must be reversed with costs, and a new trial awarded.

The other Justices concurred.