Joseph N. Fagnan, Respondent, *v.* Charles Knox, Appellant.

Although in an action for malicious prosecution it appears that the apparent facts were such that a discreet and prudent person might have been led to a belief that plaintiff was guilty of the crime for which he was prosecuted by defendant, yet if it appear that the latter had knowledge of facts which would explain the suspicious appearances, and exonerate plaintiff, he cannot justify the prosecution by putting forth the *prima facie* circumstances, and excluding those thus within his knowledge tending to prove innocence.

Plaintiff had been for many years confidential managing clerk for defendant, having charge of the money drawer, and control and supervision over the employes, including the cashier. Upon examining his account it appeared that some items charged to him upon a petty cash-book, kept by the cashier, had not been transferred to the cash-book kept by plaintiff, and a larger number of charges upon the latter book had not been transferred to the ledger. There was also an erasure and some false additions in favor of plaintiff. Defendant caused plaintiff's arrest for embezzlement. In an action for malicious prosecution, the evidence tended to show that plaintiff admitted the correctness of the account as made up by the examiner and settled with defendant by conveying to him certain real estate, the latter giving a general release. Plaintiff testified that he kept a private memorandum-book which explained the apparent discrepancies, in showing sums of money loaned by him from time to time to defendant, which he deducted from the sums charged to him, and carried the balance only into the ledger account; that this account for loans was adjusted once a year; that when defendant spoke to him of the discrepancies, he produced the memorandum-book, which defendant examined, and requested permission to take: this was granted, but defendant afterward refused to produce it, and denied all knowledge of it; that he settled with plaintiff through fear of prosecution, believing the latter had suppressed his only evidence. All this was contradicted by the defendant. *Held,* that upon the facts unexplained by plaintiff's testimony, there was no want of probable cause, yet his testimony, if true, tended strongly to show bad faith on the part of defendant, and justified a finding of malicious prosecution; and that the question as to its credibility was one of fact for the jury.

The court charged in substance that if defendant, prior to making complaint against plaintiff, settled for the moneys claimed to have been embezzled as for moneys had and received, this would be evidence that he did not believe plaintiff had embezzled the moneys. *Held* error; that if money was embezzled, defendant had a right to settle as for a

debt upon an implied contract, and such settlement was no bar to a criminal prosecution; nor did it furnish evidence that defendant did not believe the money had been embezzled.

It was urged, in answer to the exception to the charge, that the moneys received by plaintiff were not intrusted to him as agent, but were received from the cashier. *Held*, first, that money paid by the cashier to plaintiff by his direction was the same as if taken by himself from the drawer or safe, as he had charge of all the money; second, that the charge did not embrace this point.

*Fagnan* v. *Knox* (8 J. & S., 41) reversed.

(Argued May 22, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 8 J. & S., 41.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*Edmund Randolph Robinson* for the appellant. To sustain this action it was necessary for plaintiff to establish affirmatively that the prosecution was instituted both maliciously and without probable cause. (2 Greenl. on Ev. [10th ed.], 403, § 453; 1 Hil. on Torts, 416, 430; *Miller* v. *Milligan*, 48 Barb., 36; 1 Am. L. Cas. [5th ed.], 262, 263, note; *Johnstone* v. *Sutton*, 1 T. R., 510; *Baldwin* v. *Weed*, 17 Wend., 227; *Bacon* v. *Towne*, 4 Cush, 238, 239; *Scanlan* v. *Cowley*, 2 Hilt., 489; *McKown* v. *Hunter*, 30 N. Y., 625; *Carl* v. *Ayres*, 53 id., 17.) Whether the circumstances establish a want of probable cause was a question of law for this court to decide. (*Burlingame* v. *Burlingame*, 8 Cow., 141; *Murray* v. *Long*, 1 Wend., 141; *Baldwin* v. *Weed*, 17 id., 224; *Bulkely* v. *Smith*, 2 Duer, 262; *Stone* v. *Crocker*, 24 Pick., 81; 1 T. R., 545.) Defendant's belief in plaintiff's guilt was not unreasonable under the circumstances. (*Savage* v. *Brennan*, 16 Pick., 453; *McCormick* v. *Sisson*, 7 Cow., 715; 2 Greenl. on Ev., 413, 414.) The fact that plaintiff was only acquitted on the criminal charge after a full trial, and that he

was obliged to call witnesses in his defence, showed probable cause for the prosecution. (*Smith* v. *Macdonald*, 3 Esp., 7; 8 Cow., 142; *Scott* v. *Simpson*, 1 Sandf., 601; *Roberts* v. *Bayles*, id., 49; *Vanderbilt* v. *Mathis*, 5 Duer, 304–307; *Gorton* v. *De Angelis*, 6 Wend., 418; *Stone* v. *Crocker*, 24 Pick., 81–88; *Kidder* v. *Parkhurst*, 3 Al., 396.)

*John D. Townsend* for the respondent. The court was not justified in nonsuiting plaintiff if there was any evidence of the want of probable cause for causing his arrest and imprisonment. (*Carl* v. *Ayres*, 53 N. Y., 16; *Besson* v. *Southard*, 10 id., 240; *Bulkley* v. *Kitiltas*, 6 id., 384; *Masten* v. *Deyo*, 2 Wend., 424.) Plaintiff was entitled to indemnity for injury to his feelings, his reputation and person, and for all expense to which he had been subjected. (2 Greenl. on Ev., § 456; *Thompson* v. *Mussey*, 3 Greenl., 305; *Sheldon* v. *Carpenter*, 4 N. Y., 579; Sedg. on Dam. [6th ed.], 566.) The two deeds introduced in evidence by plaintiff were competent and material. (*Broad* v. *Ham*, 5 Bing. [N. C.], 722; *Dain* v. *Wyckoff*, 18 N. Y., 47.)

CHURCH, Ch. J. This action is for malicious prosecution of the plaintiff for embezzlement. In such an action it is incumbent on the plaintiff to prove that the prosecution was instituted without probable cause, and maliciously. The question of probable cause is a question of law and not of fact. It is sometimes said to be a mixed question of law and fact. This only means that when the facts adduced to prove a want of probable cause are controverted, or conflicting evidence is to be weighed, or the credibility of witnesses is to be passed upon, it must be submitted to the jury to find the facts under proper instructions as to the law. (10 N. Y., 240.)

It is true, as claimed by the counsel for the defendant, that if the facts which the plaintiff's evidence tends to prove, would not establish a want of probable cause, although there may be a conflict of evidence, it is the duty of the court to

withdraw the question from the jury because a finding in favor of the plaintiffs would not avail him in law upon the point. The question of what constitutes probable cause does not depend upon whether the offense has been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. (4 Cush., 288.) The prosecutor may act upon appearances, and if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime, he will not be liable in this action, although it may turn out that the accused was innocent. (53 N. Y., 17.) If there is an honest belief of guilt, and there exist reasonable grounds for such belief, the party will be justified. But however suspicious the appearances may be from existing circumstances, if the prosecutor has knowledge of facts which will explain the suspicious appearances and exonerate the accused from a criminal charge, he cannot justify a prosecution by putting forth the *prima facie* circumstances, and excluding those within his knowledge which tend to prove innocence.

While it is important for the public security to protect persons who in good faith institute criminal prosecutions against offenders, it is equally important to protect individuals from injury by unfounded and malicious prosecutions. It is not always easy to apply these general and familiar rules to the facts of a given case. The learned counsel for the defendant insisted that the plaintiff failed to establish a want of probable cause and that the court should have granted a nonsuit. A brief reference to the principal facts proved or claimed to have been proved will be most conducive to a proper understanding of this question as presented to the court. The plaintiff had been for more than twenty years, prior to 1872, the confidential managing clerk and book-keeper for the defendant, who was engaged in the business of a hatter. In 1872 the plaintiff was sick for a few weeks, during which the defendant employed another book-keeper whom he concluded to retain permanently, and upon the return of

the plaintiff he was relieved from the duties of book-keeper and assigned to those of managing clerk in the store, and his salary was reduced. In making up his account it was discovered that some items charged to him upon a petty cash-book kept by the cashier had not been transferred to the cash-book kept by the plaintiff, and a larger number of charges upon the latter had not been posted upon the ledger. There was also one erasure at least, and some false additions in favor of the plaintiff upon the ledger, which, with the items not posted, amounted to about $2,500, all of which occurred in about three years. There was evidence tending to show that the plaintiff admitted the correctness of the account, and it appeared that after some negotiation, a settlement was had, the plaintiff and his wife conveying to the defendant real estate which the latter accepted in full satisfaction, and gave a general release. The plaintiff had access to, and charge of, the money drawer, and control and supervision over the employes, including the cashier. Upon these facts unexplained it is manifest that the defendant had ample cause for the prosecution. The plaintiff, however, claimed and testified in substance, that he kept a private memorandum-book which would explain these apparent discrepancies, and would show that he lent sums of money from time to time to the defendant, which he deducted from the sums charged to himself on the cash-books, and carried the balance only into the ledger account, and that these accounts for money lent were adjusted once a year between them ; that when he was sick the defendant called upon him, and mentioned the discrepancies appearing on the books against him, when he produced his memorandum-book, and told the defendant that it would satisfactorily explain the accounts. That the defendant examined the memorandum-book, and requested to take it away to which he consented, and that he had never seen it since, the defendant refusing to produce it, and denying all knowledge of it. The evidence of the plaintiff as to the defendant's taking the book was corroborated to some extent by his wife, and the plaintiff claimed in effect, that he was induced to settle with the defend-

ant through fear of a criminal prosecution, believing that the defendant had suppressed his only evidence, and had the advantage of him. This explanation was denied and controverted by the defendant and other witnesses.

The court denied the motion for a nonsuit, and charged that if the plaintiff gave to the defendant a memorandum-book containing memoranda of sums of money paid to the defendant by the plaintiff which would explain the apparent errors and discrepancies in the books of the defendant kept by the plaintiff in a way consistent with the plaintiff's innocence of the charge of embezzlement then the defendant had no probable cause for charging the plaintiff with embezzlement. To the refusal to nonsuit and to the charge, there was an exception. It is urged that the plaintiff's explanation is incredible, that it was contradicted by overwhelming evidence, that the fact of a settlement, and other circumstances were sufficient to establish a want of probable cause. The answer to these views is, that they were for the jury to decide. Conceding, as the defendant claims, that the explanation was improbable, that many circumstances tended to show it untrue, yet it cannot be affirmed that the circumstances might not have existed. The leading fact was the procurement of the memorandum-book, and its suppression. That question was fairly submitted to the jury. It would have been error for the court to have withdrawn that question from the jury. It depended mainly upon the credibility of witnesses, and was peculiarly a fit question for the jury. If true, it tended very strongly, if not conclusively, to show bad faith on the part of the defendant. If the book was of the character claimed and was suppressed, under the circumstances it is difficult to see how the defendant could relieve himself from the charge of malicious prosecution. Neither mistake nor misapprehension is alleged. The defendant denied all knowledge of the existence of the book and claimed that the story of the plaintiff in respect to it was untrue. The jury may have found that he was guilty of suppressing evidence against himself, and of falsehood as a witness in denying it. It is not our province

to review the facts. We must take them as found by the jury.
There was no error in law therefore in denying the motion
for a nonsuit, or in the charge above referred to.

The court upon request charged among others the following :
" If you find that the defendant prior to the complaint against
the plaintiff charging him with embezzlement, settled with
the plaintiff for the moneys the defendant afterwards charged
the plaintiff with having embezzled as and for a debt on con-
tract expressed or implied, such fact would be evidence that
the defendant did not believe the plaintiff had embezzled the
said moneys," to which there was an exception. It is urged
by the counsel for the plaintiff in answer to this exception,
that the moneys received by the plaintiff were paid to him by
the defendant's cashier, and that they were not intrusted to
him as agent or clerk, and hence that a charge of embezzle-
ment could not be made. It is undisputed that the plaintiff
had the management and control of the establishment and its
employes. He had unlimited access to the money drawer and
the cashier acted under his direction. Money paid over by the
cashier to the plaintiff and by his direction, was the same
as ' if taken from the safe or money drawer by himself.
He had charge of all the money in the establishment, both
in fact and in law ; and if he manipulated the books so as
to conceal the real amount received, with intent to cheat his
employer, it would make no difference whether the money
came through the cashier's hands or was taken directly by the
plaintiff. But the charge does not embrace the point of the
argument. The judge did not charge, nor was he requested
to charge, that the transaction would not constitute embezzle-
ment for the reason now claimed, nor was it submitted to the
jury to say whether the defendant treated the amount of the
discrepany as an ordinary debt or over-draft; but the jury were
instructed that if the defendant settled as and for a debt, express
or implied, it was evidence of a want of probable cause. The
charge was calculated to produce an erroneous impression.
The effect of it was to convey the idea that the settlement
and payment of the amount claimed by the defendant was

evidence that no crime had been committed, and that the defendant did not believe that there had been. The qualifying words "as and for a debt or contract, express or implied," do not relieve it. An action for money had and received will lie for money obtained by fraud or embezzlement. In all such cases the law implies a promise to pay. (15 Mass., 336; 3 J. R., 183; 1 Abb. Ct. of Appeals, 333.) The defendant had a legal right to settle with the plaintiff, and receive payment for the amount abstracted as and for a debt upon an implied contract, and such settlement was no bar to a criminal prosecution, nor did it furnish evidence that the defendant did not believe that the money had been embezzled. The mere fact of settlement had no legitimate bearing on that question, certainly not against the defendant, and was equally consistent with a belief of guilt or innocence. The evidence is undisputed that throughout the negotiations for a settlement the defendant claimed that he had been criminally defrauded by the plaintiff, and there is no foundation for an inference that he regarded the demand as an ordinary debt. The inference is much more reasonable that he intended by the settlement to compound what he claimed was a crime. However this may be, we think that the charge gave undue prominence to the settlement against the defendant upon the question of probable cause. There are numerous questions raised upon the admission of evidence, which we do not deem it necessary to consider. The points may not arise on another trial; and, as to some of them, it is difficult to determine, from the general character of the objections, the precise point which was intended to be decided.

For the error in the charge, the judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.