## JOHN RAYNOR v. JOSEPH NIMS.

### *Exemplary Damages.*

Exemplary damages are allowable for unnecessary suffering arising from the oppressive enforcement of supposed legal rights by a party actually in the wrong.

It was assigned as error that a charge allowed exemplary damages without defining them or submitting the question of malice, and assumed that malice existed. *Held*, that as the judge instructed the jury specifically as to the matters they were to consider in estimating damages, the farther instruction that, "in short, they were to take a broad common-sense view of all the circumstances, and determine, as near as they could, what amount in justice ought to be allowed," was a practical explanation that they were more likely to understand than any abstract definition that could have been given.

Error to Ingham. Submitted April 18. Decided June 12.

TRESPASS. Raynor, having a writ of restitution under a judgment of foreclosure against the premises occupied by Nims, dispossessed the latter by putting him and his family and goods out of doors in cold weather. The jury found that Raynor had no right to the possession of the premises and gave Nims a verdict for two hundred and sixteen dollars and seventy-five cents. Raynor brought error.

*Lucian Reed* and *D. & W. Johnson* (on briefs), for plaintiff in error.

*H. P. Henderson* (on briefs), for defendant in error.

MARSTON, J. This was an action of trespass brought against Raynor for entering upon certain premises and forcibly removing Nims, his family and goods from the dwelling house and premises in December, 1874.

The only question raised relates to that part of the charge which instructs the jury "that in view of all the circumstances surrounding the commission of the trespass alleged, in case they found a verdict for the plaintiff, they might add to the actual, exemplary damages" without defining or explaining what exemplary damages were, and without submitting to the jury the question of malice at all, and in assuming that the defendant acted maliciously.

They were instructed to take into consideration, in estimating such damages, the circumstances under which the plaintiff and his family were put out, the condition and size of his family, the season of the year, the state of the weather, and the extent of the malice and oppression on the part of the defendant, and the court, after calling their attention to other circumstances, added, "in short, you are to take a broad, common-sense view of all the circumstances, and determine as near as you can, what amount in justice ought to be allowed." We think this was much clearer and better, much more practical and likely to be understood, than any abstract explanation or definition that could have been given. It was indeed a practical explanation as applied to the case at bar which clearly instructed the jury and doubtless was of some real use to them in their deliberations.

Did then the court have a right to assume that it was a case proper to be considered as calling for exemplary damages? It is said that it was not, because the defendant was acting upon his supposed legal rights, and under the advice of counsel, which would rebut any idea of malice on his part. It is admitted that the question, whether the defendant had a right to the possession of the premises, was fairly submitted to the jury and found against him. Where a party who is actually in the wrong, although believing otherwise under advice, acts in an oppressive or cruel manner, his belief in his right so to do, will not protect him.

If a person claiming the right, undertakes to, and actually does, forcibly turn a man and his family out of doors, under such circumstances and at such a season that they must suffer on account of the inclemency of the weather, when by delaying, a more mild and humane course, and one equally efficient, might have been adopted, he must be held responsible therefor, in case it turns out he was in the wrong, no matter what he may have supposed his legal rights were. He acts at his peril, and a jury may well be instructed in such a case, that in case they find him a trespasser, then in estimating the damages sustained, they may take into consideration the unnecessary suffering occasioned and under all the circumstances, determine as near as they can what amount in justice ought to be allowed. *Elliott v. Van Buren,* 33 Mich., 56; *Welch v. Ware,* 32 Mich., 77, and cases cited.

We are of opinion that the judgment should be affirmed, with costs.

The other Justices concurred.