Dykman, J.
(dissenting.) — This action for malicious prosecution proceeded upon two charges.
For the first cause of action the complaint charged the defendant with inciting a criminal prosecution against the plaintiff by his son, and for the second cause of action the *569 defendant is charged with being instrumental in procuring the incarceration of the plaintiff in an asylum for the insane.
It was true, as it appeared upon the trial, that the son of the plaintiff procured the issuance of a peace warrant from the county judge of Westchester county, upon which the plaintiff was arrested, but the agency of the defendant in that proceeding was very slight and entirely insufficient to charge him with any legal responsibility therefor. Independent of that consideration, however, it appeared upon the trial that all the allegations upon which the warrant was issued were true, and that neither the complainant nor the defendant were actuated by malicious or even improper motives.
The plaintiff, therefore, failed upon the trial to establish the first cause of action alleged in his complaint.
Upon the trial of the action it appeared also that the agency of the defendant in the lunacy proceedings against the plaintiff was also quite unimportant.
The language and conduct of the plaintiff had been strange, unnatuaal and unaccountable upon any theory of rationality. He made threats of extreme personal violence against his son, and also against the defendant, and they concluded he had lost his reason and become insane, and there is no cause to be gathered from the testimony for impeaching or calling in question .the sincerity of that conclusion. The opinion was shared by many others, and two physicians gave the affidavits required by law to commit the plaintiff to an insane asylum.
The county judge of Westchester county endorsed the necessary approval upon the papers, and thus the plaintiff was committed to the asylum in a regular and orderly manner After the employment of the lawyer the defendant took no personal part in the proceedings, except to advance money for the son, for which he received credit in his account.
The testimony failed to develop either fraud or corruption, or even undue influence on the part of the defendant or the son of the plaintiff, and the entire absence of malice on their part, is apparent throughout the whole proceedings.
So far from establishing the essential requisite of want of probable cause, the testimony disclosed abundant reason and cause for every measure adopted, when the view is taken from the standpoint of the defendant or the plaintiff’s son, and they are both to be judged from that view.
They were justified in acting upon appearances. Their justification does not depend upon the sanity or insanity of *570 the plaintiff, but upon- their belief based on reasonable ground.
If the apparent facts in their possession would justify & person of prudence and discretion in believing the plaintiff insane, then they are amenable to no prosecution even though it turned out that they were mistaken, and the plaintiff was not insane. If they were possessed of an honest belief founded upon reasonable ground they were justified. Fagnan v. Knox, 66 N. Y., 528.
Upon the question of probable cause, the proof not only failed to manifest its absence, but it established its existence, and proved the entire absence of malicious motives.
The defendant was the brother-in-law of the plaintiff, and they were both lawyers, and had been friends, and after the death of the plaintiff’s wife, who was the defendant’s sister, he manifested his friendship for the plaintiff in. substantial ways, and was assisting to improve the property left by his sister when the first manifestation of a change in the plaintiff became apparent to the defendant. No-reason for the entertainment of malice or ill-feeling by the defendant towards the plaintiff was developed on the trial, and he says in substance that he acted in good faith.
' We think the trial court would have been entirely justified in dismissing the complaint upon the trial, and that the order setting aside the verdict should be affirmed with costs.