### THOMPSON v. FISK et ux.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

FALSE ARREST—REASONABLE CAUSE—PROVINCE OF JURY.

     Code Cr. Proc. § 177, provides that a peace officer may, without warrant, arrest a person where a felony has been committed, and he has reasonable cause for believing the person to be arrested to have committed it. *Held*, in an action for false arrest and imprisonment, where it was shown that a watch and chain had been stolen from defendant's house while it was in charge of plaintiff, a domestic, and that as soon as the theft was discovered by defendant he secured a policeman, who, after investigation, arrested plaintiff, that it was error for the court to take from the jury the question whether the policeman had reasonable cause for suspecting that plaintiff committed the theft.

Appeal from Monroe county court.

Action by Faminta D. Thompson against Albert J. Fisk and wife. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Stull Bros., for appellants.
George Raines, for respondent.

WILLIAMS, J. The action as tried and submitted to the jury was one for false imprisonment. The defendants were husband and wife. The plaintiff was a domestic in their family. A watch and two chains belonging to the wife were stolen from the house where the defendants lived and the plaintiff was employed. Upon the discovery of the theft, the husband procured a detective from the police department of the city of Rochester to come to the house and investigate, so as to discover, if possible, the guilty party, and recover the stolen property. It was alleged that the defendants charged the plaintiff with the theft, locked her up in her room, compelled her to remove her clothing and submit to a search of her

person as well as her room; and caused her arrest, and compelled her to go to the police headquarters, and submit to an examination by the chief of police, all without the making of any formal charge, or the procuring of any search warrant, or warrant for her arrest. The defendants denied these allegations. Evidence was given upon both sides with reference to them, and the court submitted to the jury the question of fact as to whether there was any arrest and detention or imprisonment of the plaintiff. The court, however, refused to submit to the jury the question whether the arrest and imprisonment, if any, were lawful or unlawful. The court, in its charge, said:

"Now, if there was an arrest or detention in this case, it was unlawful, because I am of the opinion that there was no reasonable cause, or any such reasonable cause, of suspecting that this plaintiff committed the felony, as to justify her arrest without a warrant or some legal process, and I do therefore charge the jury that it was an unlawful arrest, and, if there was a detention, it was an unlawful detention."

The defendants excepted to this portion of the charge, and requested the court to charge that it was a question for the jury to determine whether there was reasonable ground for suspicion against the plaintiff in the case. The court declined so to charge, and the defendants excepted.

The court erred in this charge, and refusal to charge, excepted to. It is provided by section 177 of the Code of Criminal Procedure that "a peace officer, may, without a warrant, arrest a person:   *   *   * (3) When a felony has, in fact, been committed, and he has reasonable cause for believing the person to be arrested to have committed it." In this case there was no question made but that a felony had in fact been committed. Nor was any suggestion made but that the policeman was a peace officer. If, then, the officer had reasonable cause for believing the plaintiff had committed the felony, an arrest by him without a warrant was lawful; and, even if the defendants procured the officer to make the arrest, still, if the arrest and detention by the officer were lawful, then the defendants would not be liable therefor as for an unlawful arrest and imprisonment. So that the real question was whether the officer, at the time he made the arrest, had reasonable cause for believing the plaintiff had committed the felony. The question of reasonable cause is a question of law very likely, where the facts are not in dispute; but where the facts are controverted, where conflicting evidence is to be weighed, or the credibility of witnesses is to be passed upon, then the question of reasonable cause must be submitted to the jury under proper instruction as to the law. Fagan v. Knox, 66 N. Y. 525; Anderson v. How, 116 N. Y. 336, 22 N. E. 695. Reasonable cause. in this case (like probable cause in cases of malicious prosecution), did not depend upon whether the plaintiff was in fact guilty, but upon the officer's belief, based upon reasonable grounds. The officer might act upon appearances, and, if the apparent facts were such that a discreet and prudent person would have been led to the belief of plaintiff's guilt, then he was justified in making the arrest, although it turned out later that the plaintiff was really innocent.

63 N.Y.S.—23

If there was an honest belief of guilt, and there existed reasonable grounds for such belief, that was sufficient. Fagan v. Knox, above. In view of these well-settled principles of law, it is difficult to see how it could properly be held upon the evidence in this case that the question of reasonable cause was one of law for the court, rather than one of fact for the jury. The only witness called to give evidence on the part of the plaintiff was the plaintiff herself. The court had no right to regard her evidence, though uncontradicted, as establishing any fact she testified to, because her credibility was solely for the jury, and they might, in view of her great interest in making her innocence appear and in succeeding in this case, conclude to give no credence at all to her evidence. For the purposes of this question we are considering, therefore, the plaintiff's evidence must be laid aside. In the absence of the plaintiff's evidence, what was the condition of things presented to the officer, and upon which he acted in making the arrest and detaining the plaintiff? The defendants left their house in charge of the plaintiff, their domestic, she having been directed by defendants to allow no strangers to enter the house, because of the fear of crime being committed therein. During their absence the watch and chains were stolen. Upon the larceny being discovered, the officer was called in to investigate the matter, with a view to the discovery of the guilty party, and the recovery of the stolen property. The plaintiff, being the only person in charge of the premises when the crime was committed, was called upon for information, and she told many things having a tendency, if believed and relied upon, to exculpate herself. She said her own watch had also been stolen from the attic, money in the same place having been left undisturbed. She said she had admitted a stranger to the house, under pretense that he desired to repair the electric lights; she staying out of doors during most of the time he was there, and allowing him to be alone in the house. Whether any of these things were true or false rested at the time the officer was acting, as it did upon the trial, upon the unsupported statements of the plaintiff herself. If the jury had the power to disregard the evidence given by the plaintiff under oath on the trial, was the officer under any obligation to believe her unsworn statements, made to him while he was investigating the crime? There were many other things testified to by the defendants and by the officer himself which need not be recited in detail here, and which bore directly upon the question whether the officer had reasonable cause for believing the plaintiff guilty of the crime when it is claimed he arrested and detained her in custody. The officer did not know who the guilty party was,—whether the plaintiff was guilty or innocent. His business there was to find out, and his attention was, by the circumstances, drawn towards the plaintiff. He had a right to investigate her connection with the transaction. She claimed to be innocent, but she would have done that if she had been guilty. If the plaintiff's evidence is laid aside, the other evidence in the case would tend to show that the officer acted with considerable care and consideration for the plaintiff's feelings; and we cannot say, nor could the trial court say, he had not reasonable cause for making whatever ar-

rest he did make, and for detaining the plaintiff so far as he did detain her. She remained with the defendants for three weeks after her alleged arrest and detention before she went away and brought this action. We do not say the plaintiff was guilty of the crime. Nor do we say that the officer had reasonable cause to believe her guilty when the arrest and detention are claimed to have taken place. We do say, however, that the question of reasonable cause was for the jury, and not for the court, and that the court was in error when it charged the jury that the arrest and detention, if they took place, were unlawful because of the absence of reasonable cause to believe the plaintiff guilty of the crime.

By reason of this error the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.